NOT FOR PUBLICATION

**FILED**
JAMES J. WALDRON, CLERK

**JUNE 15, 2009**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:

**PAUL E. KNEIS,**

                    Debtor.

**ELLSWORTH CORPORATION,**

                    Plaintiff,

   v.

**PAUL E. KNEIS,**

                    Defendant.

Case No.:  08-18014 (DHS)

Adv. No.:  08-02208 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Feitlin, Youngman, Karas & Youngman
Catherine E. Youngman, Esq.
9-10 Saddle River Road
Fair Lawn, New Jersey  07410
*Counsel for Plaintiff*
*Ellsworth Corporation*

McNally & Busche, L.L.C.
Stephen B. McNally, Esq.
93 Main Street
Suite 201
Newton, New Jersey  07860
*Counsel for Defendant/Debtor*
*Paul E. Kneis*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion of Paul E. Kneis ("Debtor" or "Defendant") pursuant to Federal Rule of Bankruptcy Procedure 7012 to dismiss the adversary complaint filed by Ellsworth Corporation ("Plaintiff"). The Debtor contends that: (i) the Plaintiff failed to state a claim upon which relief can be granted; (ii) the Plaintiff's Section 523(a)(2)(B) claim is untimely because it was filed after the deadline set to object to the dischargeability of debts; (iii) the Consent Order extending the deadline of Charles M. Forman, Chapter 7 Bankruptcy Trustee for the Debtor ("Trustee"), to file a complaint pursuant to Section 523 or 727 expressly applied to the Trustee exclusively; and (iv) Rule 4004(b), which governs the extension of time for objecting to discharge, applies only to the moving party.

The Plaintiff opposed the motion arguing that: (i) it did in fact state a claim upon which relief can be granted; (ii) it was reasonable for the Plaintiff to rely on the Trustee's representations and the Certification of Consent Regarding Consent Order as to the Debtor ("Certification of Consent") that the deadline to object to dischargeability pursuant to Section 523 would be extended for all creditors; and (iii) sufficient grounds exist for the Court to use its equitable powers pursuant to Section 105 to allow the Complaint to stand.

For the reasons stated hereafter, the Debtor's motion to dismiss the Complaint is hereby granted. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Statements of Fact and Procedural History**

I.    **Plaintiff's Statement of Facts**

In January 2006, the Plaintiff filed suit against the Debtor in the United States District Court for the District of Maryland. *Opp'n to Mot. to Dismiss Compl. as Untimely ("Opp'n")*. The litigation was later stayed upon the commencement of the Debtor's voluntary Chapter 7 case. *Opp'n*. On August 7, 2008, four days prior to the August 11, 2008 bar date to object to discharge and dischargeability ("Original Bar Date"), the Plaintiff inquired as to whether the Trustee would be extending the Bar Date to object to discharge or dischargeability. *Opp'n.*, Ex. A. On August 8, 2008, the Counsel for the Trustee confirmed that the Trustee would be extending the "nondischargeability deadline" and stated that the "Debtor's counsel has consented, so our office will be filing the Consent Order." *Opp'n,* Ex. A. Relying on that representation, coupled with the Certification of Consent filed on August 11, 2008, the Plaintiff filed its Complaint to Determine Dischargeability of Debt ("Complaint") pursuant to Section 523(a)(2)(B) on September 11, 2008 ("the Extended Bar Date"). *Opp'n*, Ex. B.

II.    **Defendant's Statement of Disputed and Additional Facts**

The Debtor filed his Chapter 7 petition on April 30, 2008. *Correspondence in Supp. of the Debtor's Mot. to Dismiss ("Supp.")*. On May 2, 2008, the Clerk of the Court issued a Notice of Chapter 7 Bankruptcy Case. *Supp*. The Notice of Bankruptcy Filing set August 11, 2008 as the last date for creditors to object to the discharge of certain debts. *Supp*. On the Original Bar Date, the Trustee and the Debtor reached an agreement to extend the Trustee's time to object to the Debtor's discharge in bankruptcy. *Supp*. This agreement was embodied in a Consent Order Extending the Time to Object Under 11 U.S.C. §§ 523 and 727 ("Consent Order"), which was entered by the Court on August 13, 2008. *Supp*. The Consent Order provided in relevant part

4

that "the deadline by which the Trustee may file a Complaint pursuant to 11 U.S.C. §§ 523 and 727 be, and is hereby extended to and including September 11, 2008." *Supp.,* Consent Order. The Consent Order makes it clear that only the Trustee reserved his rights. *Supp.* The Trustee, after investigation, chose not to file a complaint contesting the Debtor's discharge under Section 727 or the dischargeability of any particular debt under Section 523. *Supp.* On September 11, 2008, the Plaintiff filed its Complaint initiating the instant adversary proceeding. *Supp.* On September 15, 2008, the Office of the Clerk issued the Debtor's discharge. *Supp.*

## Legal Analysis

**I.    Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b) is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012 and governs motions to dismiss. Rule 12(b) requires that "[e]very defense to a claim for relief be asserted in the responsive pleading," but allows that a "party may assert" certain defenses by motion. A limitations defense is not among those listed by Rule 12(b), meaning that a limitations defense is meant to be raised in an answer to a complaint. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) . "However, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). To determine whether a complaint, on its face, alleges a claim within the limitations period, the court in *Hanna* simply considered the date the claim was alleged to have

accrued, the date the complaint was filed, and whether those dates suggest the cause of action had been brought before the Bar Date. 514 F.2d at 1094.

A court in deciding whether a limitations defense satisfies a motion to dismiss will generally follow the straightforward approach taken in *Hanna*. However, the present case requires more than this superficial analysis, because the question of whether the bar date was extended as to the Plaintiff's cause of action is at issue. Accordingly, a determination as to whether the complaint is untimely on its face, and therefore appropriate for dismissal for failure to state a claim, will turn on the Court's ruling whether the date was extended for the Plaintiff's benefit.

## II.     Timeliness of the Complaint

### A.     *Extensions Under Rule 4007(c) and Trustee's Standing*

Federal Rule of Bankruptcy Procedure 4007(c) fixes the time for filing complaints to determine the dischargeability of debts under Section 523(c). The Rule states that "a complaint to determine the dischargeability of a debt under [Section] 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under [Section] 341(a)." However, the Rule further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision." The trustee is included as a "party of interest," and as such has "standing under Rule 4007(c) to move for an extension of time on behalf of creditors to file nondischargeability complaints." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1170 (6th Cir. 1996); *accord Donegal Mutal Insurance Companies v. Watkins (In re Watkins)*, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007) (recognizing that an order granting an extension may apply to parties other than the moving party). The Sixth Circuit in *Brady* reasoned, in part, that depriving the trustee of standing could "undermine the efficient

6

administration of bankruptcy proceedings." *Id.* at 1170. Forcing multiple creditors to file individual extensions is an unnecessary burden "if the trustee, a unique party with comprehensive knowledge of the case and the best ability to communicate with other interested parties, can file a single motion on behalf of all creditors." *Id.* at 1171. Motions extending a bar date upon trustee application asserting more time is necessary to investigate underlying facts are routinely granted in this Court.

The Consent Order stated in relevant part that "the deadline by which the Trustee may file a Complaint pursuant to 11 U.S.C. §§ 523 and 727 be, and is hereby extended to and including September 11, 2008." *Supp.,* Consent Order. Whether the language includes an extension of time for an individual creditor to bring an action is at issue.

Courts have typically held that an order providing an extension of time to file nondischargeability complaints may extend to creditors other than the moving party when surrounding circumstances indicate that the order provides a general extension. *Donegal Mutual Ins. Cos. v. Watkins (In re Watkins)*, 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007). Rule 4007(c) requires a hearing on notice and a showing of cause as prerequisites for any extension of time to file under Section 523(c). In cases where courts have found that an order provides a general extension to all creditors, the surrounding circumstances provided notice to the court and the debtor that a general extension was requested, demonstrated that cause existed for a general extension, and the subsequent order indicated that a general extension was granted. *See In re Watkins,* 365 B.R. 574; *In re Brady*, 101 F.3d 1165; *In re Demos,* 57 F.3d 1037 (11th Cir. 1995).

In *Watkins*, a creditor filed a motion for an extension to file complaints to object to discharge or dischargeability under Sections 727 and 523. 365 B.R. at 577. At a hearing to consider the motion, another creditor affirmatively joined the motion and a third creditor made

clear it was also seeking an extension. *Id.* at 577. At a further hearing to consider the extension motion, where all pertinent creditors were present, the trustee indicated his intention to conduct a Rule 2004 examination about potentially undisclosed assets. *Id.* at 578. The subsequent extension order did not expressly restrict the extension to the movant. *Id.* at 578. The court held that the debtor was on notice that multiple creditors sought an extension, cause existed to grant a general extension, and the plain meaning of the order's non-exclusive language granted a general extension. *Id.* at 578.

In *Brady,* the trustee's motion for an extension to file non-discharge complaints made clear that further investigation and discovery of facts were needed before a determination could be made as to whether filing non-discharge complaints was appropriate. 101 F.3d at 1167. The motion only referred to "non-discharge complaints," which the trustee cannot file, rather than "objections to discharge," which trustees typically file. *Id*. at 1169. The subsequent order granting an extension "provided that the trustee had secured additional time for filing nondischargeability complaints 'on behalf of the estate and all unsecured or undersecured creditors of the estate.'" *Id.* at 1169. The appellate court upheld the lower court's decision that the order constituted a general extension. *Id.* at 1169. The facts indicate that the notice and cause prerequisites for a general extension were satisfied and that the order granted a general extension.

In *Demos,* the trustee's motion suggested that "numerous interested parties" would benefit from an extension because the 2004 examination of the Debtor would be held after the deadline for determining dischargeability. 57 F.3d at 1039. Moreover, the motion stated that "due to the large numbers of creditors involved in this bankruptcy proceeding, the Debtor's attorney and the Trustee have no objection to the said extension." *Id*. at 1039. The subsequent

8

order did not restrict the extension to the moving party. *Id*. at 1039.  The court found that the plaintiff creditor could reasonably expect or assume that the order extended to him and that the extension of time was granted to all creditors. *Id*. at 1039.  Here, too, the facts indicate that the notice and cause prerequisites for a general extension were satisfied and that the order granted a general extension.

The preceding cases can be contrasted with two cases where courts did not find general extensions existed.  In these cases, the surrounding circumstances did not indicate that orders extending time to object to dischargeability applied to all creditors.  In *Burger King Corp. v. B-K of Kansas, Inc.*, the "plaintiff did not proffer a motion for extension, nor did it apprise the court of its desire to join in the motion of the two moving creditors."  73 B.R. 671, 673 (D. Kan. 1987).  Further, the plaintiff did not demonstrate that its untimely complaint was the product of "reasonable reliance on any order of the bankruptcy court or any other act or occurrence." *Id*. at 673.  Additionally, the court noted that any extension request requires a showing of good cause.  Based on these particular facts, the court held that an extension did not apply to all creditors.  The court's opinion demonstrates that the notice and cause prerequisites for a general extension were not met and thus the order could not extend the time for all creditors.

*Ichinose v. Homer National Bank* considered a series of extension orders to object to dischargeability. 946 F.2d 1169, 1174 (5th Cir. 1991).  The later orders granted extensions "'on behalf of the moving party." *Id*. at 1174.  In addition, while early extensions were granted after motions by numerous creditors, the later extension orders were granted following motions by a single movant. *Id*. at 1174.  The court held that neither the language in the later orders themselves nor the surrounding circumstances supported the plaintiff's reliance that later orders

extended to all creditors. *Id*. The facts show a lack of notice to request a general extension and that the language of the order did not intend a general extension.

In the present case, the circumstances surrounding the Consent Order did not provide notice to the court and the debtor that a general extension was requested or demonstrate that cause existed for a general extension. As a result, the Consent Order does not state or suggest that a general extension was granted. Neither the Trustee's nor Plaintiff's actions provided notice that a general extension was requested and there is no indication whatsoever that the Debtor consented to a general extension. Significantly, as in *Watkins*, the Plaintiff did not join in a motion for an extension or make known to the Court and the Debtor that it was also seeking an extension. 365 B.R. at 577. Nor did the Trustee, as in *Brady* and *Demos*, file a formal motion that implied or expressly stated that the extension was on behalf of or for the benefit of other creditors. *In re Brady*, 101 F.3d at 1169; *In re Demos*, 57 F.3d at 1039. Rather, the Plaintiff's inaction was similar to the plaintiffs in *Burger King Corp.* and *Ichinose*. *Burger King Corp.*, 73 B.R. at 673; *In re Ichinose*, 946 F.2d at 1174.

Further, the surrounding circumstances did not show cause to grant a general extension. In *Watkins,* the court found cause because the Trustee indicated an intention to conduct a Rule 2004 about potentially undisclosed assets during a hearing regarding an extension motion where all pertinent creditors were present. 365 B.R. at 578. These facts can be distinguished from the present case where the Plaintiff was not involved in seeking the Consent Order. Also, the Trustee in this case, as in *Demos,* did not file a formal motion suggesting that there were a large number of creditors or that numerous interested parties would benefit from an extension. 57 F.3d at 1039. Rather, here this Court "cannot assume that the plaintiff also," like the Trustee, "needed additional time and discovery in order to determine whether it had a valid basis for

filing a complaint." 73 B.R. at 673.  A showing of cause, as to the need for a general extension, was a prerequisite not demonstrated to this Court prior to granting the Consent Order.

Finally, the Consent Order did not state or suggest that a general extension was granted. The Consent Order expressly restricted the extension to the Trustee. *Supp.,* Consent Order.  This is in contrast to the language of the orders in *Watkins*, *Brady* and *Demos*, which suggested general extensions.  *In re Watkins*, 365 B.R. at 578; *In re Brady*, 101 F.3d at 1168; *In re Demos*, 57 F.3d at 1039.  Instead, the Consent Order was similar to the orders in *Ichinose*, which were granted "on behalf of the moving party." F.2d at 1174.  The only portion of the Consent Order that could conceivably hint at a general extension was the portion that extended the Trustee's time to file complaints under Section 523, since the Trustee does not file nondischargeability complaints.  As stated previously, the Trustee has standing to request such an extension for the benefit of creditors.  However, it is the duty of the Trustee and/or creditors to create surrounding circumstances that satisfy the notice and cause prerequisites for a general extension.  These notice and cause prerequisites were not satisfied here.  Therefore, the Debtor consented to and the Court granted an extension expressly restricted to the Trustee.

In any case where the trustee seeks an extension of time to file objections to dischargeability, in order for the resultant order to extend the time for all creditors the trustee and/or creditors must develop circumstances that give notice to the court and the debtor that a general extension is requested and make a showing that cause exists for a general extension. That was not done in the case *sub judice*.  Further, the subsequent order must suggest that a extension was granted to all creditors.  The circumstances in *Watkins*, *Brady*, and *Demos* provided notice of the need for a general extension and cause for the court to grant such an extension. *In re Watkins*, 365 B.R. at 574; *In re Brady*, 101 F.3d at 1166; *In re Demos*, 57 F.3d

at 1037. Further, the subsequent order in each demonstrated that such an extension was granted. *In re Watkins*, 365 B.R. at 578; *In re Brady*, 101 F.3d at 1168; *In re Demos*, 57 F.3d at 1039. The surrounding circumstances in the present case did not give rise to a general extension. For these reasons the Extended Bar Date did not apply to the Plaintiff and the Plaintiff's Complaint was untimely filed.

### B.    Sufficient Grounds Do Not Exist Under Section 105 For the Complaint to Stand

Section 105 provides:

> (a)The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Plaintiff argues that sufficient grounds exist under Section 105 to allow the Complaint to stand. The basis for the Plaintiff's argument is that it reasonably relied on the Trustee's representations and the Certification of Consent. Further, the Plaintiff argues that the Debtor is not prejudiced here and the prejudice to the Plaintiff would be high if the Complaint is dismissed.

As in *Burger King Corp.*, the Plaintiff has failed to demonstrate that its untimely complaint was the product of "reasonable reliance on any order of the bankruptcy court or any other act or occurrence." *Id*. at 673. To prove reasonable reliance the Plaintiff has pointed to two facts. First, the Plaintiff argues reliance based on an August 8, 2008 email, where the Trustee confirmed that the Trustee would be extending the nondischargeability deadline. *Opp'n,* Ex. A. However, reliance on the Trustee is not reasonable, because the Trustee is not empowered to grant an extension pursuant to Rule 4007(c). Second, the Plaintiff argues reliance

based on the Certification of Consent filed on August 11, 2008. *Opp'n*, Ex. B. However, reliance on the Certification of Consent is not reasonable, because the Certification of Consent does not state the terms of the Consent Order and the Plaintiff has not cited to any case that suggests reliance on a certification of consent is reasonable. Further, the Certification of Consent clearly references the terms of the Consent Order and that the Consent Order was being submitted to the Court. Had the Plaintiff seen the terms of the Consent Order it would have become apparent that the extension was expressly restricted to the Trustee. If the terms still left the Plaintiff with any cause for confusion, it would then have been under a duty to investigate and either join the motion or utilize the better practice and seek its own extension. *See Demos* 57 F.3d at 1040 Fn. 5.

Finally, contrary to the Plaintiff's assertion, the Debtor would be significantly prejudiced if the complaint was allowed to stand. In *United States v. Ortman*, the court found that an order restricting an extension to the Trustee would not extend to a creditor. The court noted in the opinion that: "At some point in time, proceedings must come to a halt and the debtor be allowed to seek his fresh start. To allow creditors on a one-by-one basis to take advantage of extensions of time to file complaints would make a mockery of the legislative intent to give debtors a fresh start." 51 B.R. 7, 8 (Bankr. S.D. Ind. 1984). Allowing the Plaintiff's Complaint to stand would severely prejudice the Debtor's right to a fresh start. Use of Section 105 is not appropriate under the circumstances of this case.

**Conclusion**

For the foregoing reasons, the Debtor's motion to dismiss the adversary complaint filed by Ellsworth Corporation is hereby granted. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

*/s / Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: June 15, 2009